UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION
JOSEPH P. KINNEARY U.S. COURTHOUSE
85 MARCONI BLVD. | COLUMBUS, OHIO 43215

| | |
|---|---|
| DEANO MCCORT,<br>INSTITUTIONAL NUMBER 724-513<br>68518 BANNOCK ROAD<br>ST. CLAIRSVILLE, OHIO 43950<br><br>-PLAINTIFF<br><br>v.<br><br>STATE OF OHIO,<br>1 CAPITOL SQUARE<br>COLUMBUS, OHIO 43215<br>[DEFENDANT 1]<br>*And;*<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>770 WEST BROAD STREET<br>COLUMBUS, OHIO 43222<br>[DEFENDANT 2]<br>*And;*<br><br>DIRECTOR<br>(INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITY)<br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>770 WEST BROAD STREET<br>COLUMBUS, OHIO 43222<br>[DEFENDANT 3]<br>*And;*<br><br>CORRECTIONAL OFFICER GRAHAM<br>(INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITY)<br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>BELMONT CORRECTIONAL INST.<br>68518 BANNOCK ROAD<br>ST. CLAIRSVILLE, OHIO 43950<br>[DEFENDANT 4]<br>*And;* | CASE NUMBER:<br><br>2 19CV2931<br><br>JUDGE:<br><br>Judge Graham<br><br>MAGISTRATE JUDGE:<br><br>MAGISTRATE JUDGE DEAVERS<br><br><br><br>CIVIL COMPLAINT<br><br>CIVIL ACTION PURSUANT TO<br>28 U.S.C.A. § 1391<br>(JURISDICTION)<br>AND 42 U.S.C.A. §§ 1983 |

1

CAPTAIN MICHAEL RIZZO
(INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY)
OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
BELMONT CORRECTIONAL INST.
68518 BANNOCK ROAD
ST. CLAIRSVILLE, OHIO 43950
[DEFENDANT 5]
*And;*

INSTITUTIONAL INSPECTOR PATRICK
HALEY,
(INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY)
OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
BELMONT CORRECTIONAL INST.
68518 BANNOCK ROAD
ST. CLAIRSVILLE, OHIO 43950
[DEFENDANT 6]
*And;*

DEPUTY WARDEN CLARK SCOTT,
(INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY)
OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
BELMONT CORRECTIONAL INST.
68518 BANNOCK ROAD
ST. CLAIRSVILLE, OHIO 43950
[DEFENDANT 7]
*And;*

EUGENE BUTCH HUNYADI,
ASSISTANCE CHIEF INSPECTOR,
(INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY)
OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
770 WEST BROAD STREET
COLUMBUS, OHIO 43222
[DEFENDANT 8]
*And;*

| | |
|---|---|
| WARDEN DAVID W. GRAY, (INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY) OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, BELMONT CORRECTIONAL INST. 68518 BANNOCK ROAD ST. CLAIRSVILLE, OHIO 43950 [DEFENDANT 9] | |
| -DEFENDANTS | |

Now comes, Deano McCort [hereinafter, "McCort"], the Plaintiff, with civil action complaint alleging that the named Defendants either knowingly and voluntarily violated Plaintiff's constitutional rights on February 21st, 2019, and ignored the repeated complaints by attempting to cover up the illegal actions of the Ohio Department of Rehabilitation and Correction and it's employees.

The petitioner will set forth in the complaint reasons to grant the demand for jury trial.

The petitioner thanks the Honorable Court for its time and consideration in this matter.

*Respectfully Submitted,*

*Deano McCort*

DEANO MCCORT (A724-513)
68518 BANNOCK ROAD
ST. CLAIRSVILLE, OHIO 43950

## COMPLAINT

1. This is a civil action for damages brought pursuant to the United States Constitution and 42 U.S.C. §§ 1983 resulting from deprivations, under color of law, of Plaintiff's rights under the fourth, fifth, sixth, eighth and fourteenth amendments to the United States Constitution and for tortious behavior under Ohio law.

2. This Court has jurisdiction over these claims pursuant to article III, section 1 of the Constitution and 28 U.S.C. §§ 1331, 1332 and 1343. Plaintiff also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claim. The amount in controversy exceeds $10,000.00 excluding interests and costs.

3. Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B)

4. The Defendant's place of business is centrally located at the address shown above, despite satellite locations.

## PARTIES

5. Deano McCort, the Plaintiff, is a citizen of the United States and a resident of St. Clairsville, Ohio in Belmont County.

6. State of Ohio [hereinafter, "Defendant 1"]; Ohio Department of Rehabilitation and Correction [hereinafter. "Department" and/or "Defendant 2"]; Director – Ohio Department of Rehabilitation and Correction (individually and in their official capacity) [hereinafter, "Director" and/or "Defendant 3"]; and Correctional Officer Graham (individually and in his official capacity) [hereinafter, "Graham" and/or "Defendant 4"]; Captain Michael Rizzo (individually and in his official capacity) [hereinafter, "Rizzo" and/or "Defendant 5"]; Institutional Inspector Patrick Haley (individually and in his official capacity) [hereinafter, "Defendant 6"], Deputy Warden Clark Scott, (individually

and in his official capacity) [hereinafter, "Defendant 7]; and Eugene Butch Hunyadi, (individually and in his official capacity) [hereinafter, "Defendant 8"] are Defendants, were at all times relevant to the incidents which are the subject of this lawsuit. The acts of the named Defendants which are the subject of this lawsuit were undertaken in the regular course of their employment or existence. Those individuals named are being sued both individually and in his/her official capacity. Upon information and belief, all Defendants are residents of Ohio, namely Franklin County, Belmont County and/or other Ohio county.

7. Correctional Officer Graham, Defendant, was at all times relevant to the incidents which are the subject of this lawsuit. As such, he is a responsible party. State of Ohio; Ohio Department of Rehabilitation and Correction [hereinafter, "Department"]; Director – Ohio Department of Rehabilitation and Correction (individually and in their official capacity) [hereinafter, "Director"] are responsible for supervising the training, instruction, discipline, control and conduct of Defendant Graham. They are also charged with promulgating all orders, rules, instructions and regulations of the Ohio Department of Rehabilitation and Correction including but not limited to those orders, rules, instructions and regulations concerning the use of force and of deadly weapons. They also have all authority to approve all weapons to be used by the employees (or like) of the Department. Correctional Officer Graham is sued both individually and in his official capacity. Upon information and belief, Correctional Officer Graham is a resident of Ohio, likely Belmont County, Ohio or surrounding county.

8. State of Ohio; Ohio Department of Rehabilitation and Correction [hereinafter, "Department"] are public corporations charged with and responsible for appointing and promoting, through the Governor of the State of Ohio, the members of the Ohio

5

Department of Rehabilitation and Correction and for the supervision, training, instruction, discipline, control and conduct of the Ohio Department of Rehabilitation and Correction and its personnel. At all relevant times, Defendant 1, Defendant 2, Defendant 3, Defendant 5, Defendant 6, Defendant 7 and Defendant 9 had the power, right and duty to control the manner in which Defendant 4 carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the State of Ohio and Department were consistent with the Constitution and the laws of the state and county.

## FACTS

9. Plaintiff, Deano McCort was held at Belmont Correctional Institution under the direction and control of the Ohio Department and Rehabilitation and Correction from 2016 to current.

10. Defendant 1 and Defendant 2 are responsible for the operation of the Ohio Department of Rehabilitation and Correction. The Department was responsible for Plaintiff's care and safety while he was in their custody.

11. Plaintiff was temporarily placed into temporary TPU segregation holding cell, this designation was made to investigate whether or not Plaintiff had stolen items from another department within the institution. This occurred on February 21st, 2019.

12. The temporary TPU segregation holding cell is an all brick cell; a metal door with a viewing window and a hinged slot in the door for food delivery. This cell is without an outside window; without a sink; and without a toilet.

13. Plaintiff was held in this cell and required the use of the lavatory to expel a bowel movement. Plaintiff informed the officer on post, Defendant Graham of this urgent need. Defendant Graham told Plaintiff that there were no restrooms available. Plaintiff's need

6

increased and again Plaintiff informed Defendant Graham of this need. Defendant Graham then returned with a trash bag and instructed Plaintiff that as there were no restrooms available that this was his only option.

14. Plaintiff informed Defendant Graham that there were cells in the back of segregation that had lavatory services, furthermore, Plaintiff informed Defendant Graham that there were lavatory services in R&D (Receiving and Departure) Department.

15. Defendant Graham denied these requests and instructed Plaintiff that if he needed to [expletive] (expel his bowels) that he would have to use the trash bag that was provided.

16. Sensing no other option, Plaintiff expelled his bowels into the trash bag and filled the bag with his excrement.

17. Plaintiff was instructed to pass the used trash bag through the open slot in the door to which food is passed which contained the excrement and contaminated this slot used for food.

18. During the time that Plaintiff was being held in this cell, the afternoon meal was delivered to segregation. The tray of food was placed on and through this slot which previously was used in an unsanitary manner to pass excrement.

19. After an investigation, Plaintiff was cleared of any and all wrongdoing and was released back to general population.

20. Plaintiff used the grievance procedure in accordance with policy and exhausted all internal remedies, pursuant to A.R. 5120-9-31. Plaintiff used the Informal Complaint Resolution form; escalated this to a Grievance and appealed the decision of the Grievance to Central Office in Columbus.

21. Plaintiff's initial Informal Complaint Resolution form was filed on February 21st, 2019, the date of the incident at 5:18:31 PM. This form was immediately filed electronically.

7

Plaintiff provided a narrative of the incident. However, four days later, Deputy Warden Clark Scott wrote that this incident was being investigated on February 25th, 2019 at 10:42:37 AM.

22. On February 26th, 2019 at 9:26:29 AM, the following day, this Informal Complaint was closed by Administrative Captain Mike Rizzo. There was no disposition, no opinion and the results of this purported investigation were not disclosed and no resolution to this incident was supported by any notation.

23. Defendants by and through their actions attempted to cover-up this incident of Defendant Graham to protect his employment.

24. Plaintiff inferred and surmised by and through the administration officials neglect in replying to his complaint that this incident was not being dealt with in the serious manner in which it necessitated. As such, he escalated this to the Formal Grievance which is investigated by the Institutional Inspector's Office. Plaintiff again provided another narrative.

25. On March 1st, 2019, the Office of the Institutional Inspector, by and through, Patrick Haley stated, "Warden Gray stated that your case is still under investigation, and we take your allegations very seriously. Additionally, the conduct alleged in this complaint will not be tolerated by this office nor the Warden. Please be assured that a thorough investigation is occurring and appropriate actions will be taken after the investigation is completed and finalized. I will continue to monitor this issue as I do with all matters regarding Appropriate Supervision in accordance with A.R. 5120-9-04. Based on the above, your grievance is pending disposition. This office will take no further action regarding this matter." Inspector Patrick Haley then closed this grievance.

8

26. Defendants again attempted to cover this incident up and closed the grievance despite the on-going investigation of this matter.

27. On March 1st, 2019, Plaintiff escalated this grievance to an Appeal to the Chief Inspector's Office located at Central Office of the Ohio Department of Rehabilitation and Correction in Columbus, Ohio. Plaintiff again provided an additional narrative.

28. On March 28th, 2019 at 1:34:11 PM, Eugene Butch Hunyadi, of the Chief Inspector's Office informed Plaintiff that this case would require additional time to investigate in accordance with A.R. 5120-9-31.

29. On April 5th, 2019 at 4:27:26 PM, Eugene Butch Hunyadi affirmed the decision rendered by Patrick Haley and closed the appeal. Eugene Butch Hunyadi commented, "There is no demonstrated evidence to support a violation of policy or rule in this matter; inappropriate supervision requires elements outlined in Administrative Rule 5120-9-04, none of which have been verified in this matter after an investigation conducted by the Inspector. A separate investigation into job duties associated with post assignment(s) has been undertaken."

30. Belmont Correctional Institution employs the use of a video recording system throughout the prison. Furthermore, the cell upon which Plaintiff was housed is monitored by this system. Repeatedly, Plaintiff instructed investigators in this matter that what he asserted to be facts are backed by the video recordings of the time that he was housed in segregation.

31. The actions of these Defendants in concert demonstrate that Defendant Graham violated Plaintiff's rights and then the Defendants plotted and schemed collectively or individually to conspire to cover-up this incident.

32. Plaintiff suffered and continues to suffer great mental and emotional pain and distress as a result of these actions.

## FEDERAL CAUSES OF ACTION

33. The allegations set forth in paragraphs 1 through 32 are incorporated herein by reference.

34. The hereinabove described actions and omissions, engaged in under color of state authority by the Defendants, including all Defendants are all sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fifth and fourteenth amendment rights to due process of law and his eighth amendment right to be free from cruel and unusual punishment.

## COUNT 1

35. Paragraphs 1 through 34 are adopted and incorporated by reference and are repeated and re-alleged.

36. Acting under color of law and the authority of all Defendant's intentionally, negligently and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be deprived of his constitutional rights, including but not limited to those under the fourth, fifth, sixth, eighth and fourteenth amendments by:

    a. Violating Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution; and

    b. Subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments.

37. All Defendants, under color of law, intentionally, negligently and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his

10

constitutional rights including but not limited to the fourth, fifth, sixth, eighth and fourteenth amendments, by:

   a. Failing to supervise properly the training and conduct of Defendant 4, Graham, an employee of the Ohio Department of Rehabilitation and Correction;

   b. Failing to enforce the laws of Ohio, and the provisions of the Constitution of the United States concerning punishment by members of the Department while housing an inmate; and

   c. Promulgating and issuing Ohio Department of Rehabilitation and Correction's manual.

38. Plaintiff's deprivations of his constitutional rights were proximately caused by Defendant 4, Graham's:

   a. Inadequate supervision of the training and conduct of Ohio Department of Rehabilitation Correction employees;

   b. Failure to enforce the laws of Ohio and the provisions of the Constitution of the United States; and

   c. Issuance of vague, confusing and contradictory policies concerning appropriate punishments that are inconsistent with the requirements of the fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution.

39. Defendants, under color of law, intentionally, negligently and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted and tolerated the custom and practice of the unconstitutional punishments by members of the Ohio Department of Rehabilitation Correction and, in particular by Defendant Graham (Defendant 4) by failing to:

    a. Appoint, promote, train and supervise members of the Ohio Department of Rehabilitation Correction who would enforce the laws in effect in Ohio and who would protect the constitutional rights of the people of Ohio;

    b. Require Defendants 1, 2, 3, 5, 6, 7 and 9 to promulgate procedures and policies for the appropriate supervision that were consistent with the fourth, fifth, sixth, eighth and fourteenth amendments of the Constitution; and

    c. By permitting the policy and custom of using unreasonable punishments to exist and to be followed by the Ohio Department of Rehabilitation Correction, thereby proximately causing the deprivation of Plaintiff's rights under the fourth, fifth, sixth, eighth and fourteenth amendments to the United States Constitution.

## COUNT II

40. Paragraphs 1 through 39 are adopted and incorporated by reference and are repeated and re-alleged.

41. The above described punishment by Defendants on the date of offense constitutes a violation of the Plaintiff's rights under the laws of Ohio and Federal laws.

42. As a result of the punishment upon his person by the Defendants, Plaintiff has suffered severe and permanent mental pain and distress.

43. Defendants negligently caused the above described supervision and punishement to Plaintiff by failing to properly train, supervise and control the conduct of Defendants' actions.

44. Defendant 1, 2, 3, 5, 6, 7 and 9, as the employer of Defendant 4 is liable under the doctrine of superior for the tortious conduct of the individual Defendant.

## COUNT III

45. Paragraphs 1 through 44 are adopted and incorporated by reference and are repeated and re-alleged.

46. The above described inappropriate supervision by Defendants on the date of offense constitutes cruel and unusual punishment against Plaintiff under the laws of Ohio and Federal laws.

47. The conduct of Defendants in failing to properly train, supervise and control the conduct of Defendant 4 constitutes negligence and gross negligence under the laws of Ohio.

48. Defendant 2 under the direction and control of Defendant 1, as employer of Defendants 3 and 4 are liable under the doctrine of superior for the tortious conduct of the individual Defendant.

## COUNT IV

49. Paragraphs 1 through 48 are adopted and incorporated by reference and are repeated and re-alleged.

50. Defendants 1, 2 and 3 were deliberately indifferent in maintaining Plaintiff health by allowing the excrement to pass through a slot in which food is passed.

51. Further, Defendants had a sufficiently culpable state of mind when it passed the food through the slot that just prior had excrement passed through, which is evidenced by the video recording of the events.

52. Defendants knew of and disregarded the excessive risk to Plaintiff's health and safety. It is well known that excrement, human feces contains high levels of bacteria and other pathogens.

53. Defendants did not provide any medical care consistent with current medical treatments to ensure that Plaintiff did not suffer any medical issues as a result of this incident.

13

## COUNT V

54. Paragraphs 1 through 53 are adopted and incorporated by reference and are repeated and re-alleged.

55. Defendant 4 employed inappropriate supervision against Plaintiff and subjected him to cruel and unusual punishment while at Belmont Correctional Institution.

56. Defendant 4 with purpose and intent knowingly punished Plaintiff in a cruel and unusual manner that was objectively unreasonable.

57. Defendant 4 did not exercise or defer to policies and practices that are/were required to preserve internal order and discipline and to maintain institutional security.

58. Defendant 4 supervised Plaintiff that is not within the scope of the need for acceptable forms of punishment and this punishment was not in line with the dictates of the constitution. The situation at issue here required no form of punishment.

59. Plaintiff was under investigation for possible theft of a roll of duct tape which did not pose a security threat to Defendants or correctional staff, thus, Defendant did not need to use any form of restriction or punishment to resolve the incident.

60. Plaintiff's was subjected to a punishment that was excessive, cruel and unusual and weighs in favor of a violation of the Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment.

61. Defendant 4 did not use any amount of effort to temper or limit the amount of punishment and weighs in favor of violating the Plaintiff's rights.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays that this Court:

62. Award to Plaintiff compensatory damages in an amount to be determined at trial, but not less than the amount of $2,500,000.00, jointly and severally against Defendants for the matters alleged in this Complaint;

63. Award to Plaintiff punitive damages in an amount to be determined at trail against all Defendants;

64. Award to Plaintiff reasonable costs and attorney fees;

**65.** Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

## ANY DEMAND FOR DISCOVERY

Upon request of Defendants, Plaintiff will provide as required any request for discovery. Furthermore, Plaintiff will request discovery of the entire record that is held by the Ohio Department of Rehabilitation and Correction and any other related internal documents related to this incident that occurred at a later time when demand for discovery may be filed.

*Respectfully Submitted,*

*[signature: Deano McCort]*

**DEANO MCCORT (A724-513)**
**68518 BANNOCK ROAD**
**ST. CLAIRSVILLE, OHIO 43950**

15

**VERIFICATION**

---------------------------------

State of Ohio )
County of Belmont )

---------------------------------

Deano McCort, being duly sworn, deposes and states:

1. I am the Petitioner in this action.
2. I have read the petition and every statement in it is true and correct within my personal knowledge.

I signed this Verification on 21st day of JUNE, 2019 at 68518 Bannock Road, St. Clairsville, Ohio 43950.

DEANO MCCORT

DEANO MCCORT

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 21 day of June, 2019 at Belmont Correctional Institution, located at 68518 Bannock Road, St. Clairsville, Ohio 43950.

NOTARY

NOTARIAL SEAL STATE OF OHIO

MICHELLE LYNN THEIL
Notary Public, State of Ohio
My Commission Expires APR. 1 29 2022

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing "Civil Complaint and Civil Action, Pursuant to 28 USCA §§ 1391 (Jurisdiction) and 42 USCA §§ 1983" has been mailed by regular U.S. mail to the Clerk of Courts for the U.S. District Court for the Southern District of Ohio on the **21st** day of **JUNE**, 2019 for service by certified mail to all parties involved.

## TO THE CLERK:

The Clerk, upon receipt of this complaint shall serve by certified mail to all Defendants listed in the complaint a copy of the following:

*Respectfully Submitted,*

*/s/ DEANO MCCORT*

**DEANO MCCORT (A724-513)**
**68518 BANNOCK ROAD**
**ST. CLAIRSVILLE, OHIO 43950**

## TO BE COMPLETED BY THE CLERK:

Notice of this filing will be sent to all parties by certified mail or operation of the Court's electronic filing system on this _____ day of _____, 2019.

_____

_____, Clerk

17