# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DEANO MCCORT,**

      **Plaintiff,**

                                           **Civil Action 2:19-cv-02931**
                                         **Judge James L. Graham**
      **v.**                                 **Chief Magistrate Judge Elizabeth P. Deavers**

**STATE OF OHIO,** *et al.*,

      **Defendants.**

## ORDER

      Plaintiff, a state inmate proceeding without the assistance of counsel, submitted a Complaint on July 5, 2019 without the required filing fee or motion for leave to proceed *in forma pauperis*. (ECF No. 1.) On July 9, 2019, the Clerk issued a Notice of Deficiency to Plaintiff regarding the lack of the required filing fee or proper motion for leave to proceed *in forma pauperis*.[1] (ECF No. 2.) The deadline to cure this deficiency has passed. To date, Plaintiff has not responded to the Notice of Deficiency.

      "When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (citing 28 U.S.C. § 1915(a)(1)). "Submission of a sufficient affidavit and a certified trust fund account in accordance with [28 U.S.C. § 1915(a)(2)] are statutory

---

[1] On the same day, the Clerk also issued a Notice of Deficiency to Plaintiff regarding missing summons to be issued for all defendants and missing marshal forms. (ECF No. 3.)

requirements for proceeding *in forma pauperis.*" *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)).

The United States Court of Appeals for the Sixth Circuit describes the Court's responsibility when an inmate has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

Accordingly, **Plaintiff is ORDERED to submit, within THIRTY (30) DAYS of the date of this order, the required $350.00 filing fee, or alternatively, an application for leave to proceed *in forma pauperis* and certified trust fund statement.** The trust fund statement should indicate both the average monthly balance in Plaintiff's account for the last six months and the amount of income credited to his account during those months. The certificate should reflect Plaintiff's current account balance as well as the average monthly balance for the preceding six months. If Plaintiff elects to submit the required information in support of his application to proceed *in forma pauperis*, the Court will, upon receipt of the information, determine if Plaintiff may proceed *in forma pauperis*, and, if so, will calculate the initial partial filing fee and the monthly installments, issuing a separate order directing payment.

If the filing deficiency identified by this Order is not corrected within 30 days, the Court will assume that Plaintiff has decided not to pursue this case, and the request for leave to proceed *in forma pauperis* (*i.e.*, by paying an initial partial filing fee with the balance paid in installments) will be denied.  Furthermore, if Plaintiff does not comply with this Order, the Court is required to assume that Plaintiff is not a pauper, and it will:  (1) assess Plaintiff the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket even if the filing fee is then paid in full.  *See id.* at 1132.

The Court also advises Plaintiff that he must submit completed summonses and Marshal service forms for all Defendants if he intends for the United States Marshal to serve Defendants.

For ease of reference, the Clerk is **DIRECTED** to send a copy of the *in forma pauperis* application, the civil cover sheet, and the summons forms to Plaintiff along with this Order.

**IT IS SO ORDERED.**


Date: August 14, 2019                     */s/ Elizabeth A. Preston Deavers*_____
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **CHIEF UNITED STATES MAGISTRATE JUDGE**