IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deano McCort,

    Plaintiff,

  v.                                Case No. 2:19-cv-2931

State of Ohio, et al.,

    Defendants.

ORDER

This is an action filed pursuant to 42 U.S.C. §1983 against the State of Ohio and various state officials. At the time the complaint was filed, plaintiff was an inmate incarcerated in the Belmont Correctional Institution. The Magistrate judge issued an order on August 14, 2019, requiring him to submit the filing fee or an in forma pauperis application within thirty days, and cautioning him that the failure to do so would result in the dismissal of his case for failure to prosecute. Plaintiff did not respond to the court's order, and on August 29, 2019, the order was returned to the court as undeliverable.

On November 15, 2019, the magistrate judge issued a report and recommendation concerning plaintiff's failure to respond to the court's orders. In the report and recommendation, the magistrate judge recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The report and recommendation was returned to the court on December 11, 2019, as undeliverable, with a notation that plaintiff was released on parole.

The report and recommendation specifically advised the parties that objections to the report and recommendation were due within

fourteen days, and that the failure to object to the report and recommendation "will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court." Doc. 6, p. 5. The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed.

Plaintiff has failed to timely prosecute this action as directed by the court orders. Defendant has also failed to comply with his affirmative duty to provide the court with a valid address and to notify the court of any change in address. See Barber v. Runyon, No. 93-6318, 1994 WL 163765 at *1 (6th Cir. May 2, 1994). By failing to keep the court apprised of his current address, plaintiff has demonstrated a lack of prosecution of his action. See Walker v. Cognis Oleo Chem., LLC, No. 1:07-cv-289, 2010 WL 717275 at *1 (S.D.Ohio Feb. 26, 2010).

Under Rule 41(b), district courts have the authority to dismiss an action for the failure of a plaintiff to prosecute a claim or to comply with the Federal Rules or any order of the court. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008). The court concludes that dismissal for failure to prosecute is warranted in this case.

In accordance with the foregoing, the report and recommendation (Doc. 6) is adopted. The instant action is dismissed with prejudice pursuant to Rule 41(b) for lack of prosecution. The clerk is directed to enter final judgment dismissing this case.

It is so ordered.

Date: January 2, 2020                    s/James L. Graham
                                   James L. Graham
                                   United States District Judge